# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **JOSHUA IKEEM WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CASE NO.  7:16-CV-8123-SLB** |
| vs. ) | **CRIM. CASE NO. 7:14-CR-0128-SLB-SGC** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

### **MEMORANDUM OPINION**

This case is presently pending before the court on petitioner Joshua Ikeem Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [hereinafter Motion to Vacate]. (Doc. 1; crim. doc. 29.)[1] Citing Johnson v. United States, 135 S. Ct. 2551 (2015), Williams contends that he was improperly sentenced under 18 U.S.C. § 924(c).  Because binding Eleventh Circuit precedent bars Williams's claims on the merits, the court assumes that his Motion to Vacate is timely filed and is not procedurally barred.  For the reasons set forth below, the court finds that Williams's Motion to Vacate is due to be denied and his petition dismissed without notice to the Government.  See 28 U.S.C. 2255(b).[2]

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)."  Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 7:14-CR-0128-SLB-SGC, appear as "(Crim. Doc. __)."  Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

[2]"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the

On April 30, 2014, an Indictment was filed against Williams. (Crim. doc. 1.) The Indictment charged Williams with two counts of bank robbery in violation of 18 U.S.C. § 2113(a), three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and two counts of brandishing a firearm during a crime of violence (armed bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A). (Id.) Pursuant to a Plea Agreement with the Government, Williams pled guilty to all counts. (Crim. doc. 8; crim. doc. 16.) He was sentenced to 12 months on each count of bank robbery and armed bank robbery with the sentences to be served concurrently. (Crim. doc. 16 at 2.) On Count Four, charging brandishing a firearm during the armed bank robbery set forth in Count Three, Williams was sentenced to 84 months to be served consecutively to all other counts. (Id.) He received 144 months on Count Six, charging Williams brandished a firearm during the armed bank robbery charged in Count Five; this sentence was to be served consecutively to the sentence received for all other counts. (Id.) Williams's "total custodial sentence" was 240 months. (Id.)

Williams's conviction and sentence were affirmed on appeal. (Crim. doc. 28.)

On June 29, 2016, Williams, who is proceeding pro se, filed the instant Motion to Vacate. (Crim. doc. 29; doc. 1.) In his Motion to Vacate, Williams challenges his conviction under § 924(c) based on Johnson v. United States, 135 S. Ct. 2551 (2015); he states:

---

United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

> [P]etitioner's 18 U.S.C. § 924(c) conviction only qualifies as a crime of violence under the Residual Clause to that section of the statute. In light of the Supreme Court's decision in **Johnson v. United States**, which held that the Residual Clause to the ACCA statute is Unconstitutional[.] [T]herefore it's void for vagueness under the due process clause.

(Doc. 1 at 4.) Williams argues that armed bank robbery is not a crime of violence § 924(c). (See generally doc. 2.) Williams contends his Motion to Vacate is timely based on the Johnson decision.[3] (*Id*. at 2.)

In *Johnson*, the Supreme Court held that definition of a "violent felony" set forth in the residual clause of the Armed Career Criminal Act ["ACCA"], 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Johnson*, 135 S. Ct. at 2563. The Court also held, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." *Id*. The decision did not address the definition of a crime of violence found in § 924(c)(3).

Williams was convicted of two counts of brandishing a firearm during a crime of violence in violation of 28 U.S.C. § 924(c)(1)(A)(ii) and § 924(c)(1)(C)(i), which state:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . .(including a crime of violence . . . that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –

---

[3]Johnson was decided on June 26, 2015. June 26, 2016, was on a Sunday; therefore, claims based on Johnson had to be filed on or before June 27, 2016. Williams signed his Motion to Vacate on June 24, 2016.

3

> . . .
>
> > (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall –
>
> > (i)  be sentenced to a term of imprisonment of not less than 25 years.

18 U.S.C. § 924(c)(1)(A)(ii), (C)(i).[4]  "[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." Id. (c)(1)(D)(ii). The Act defines "crime of violence" as –

> . . . an offense that is a felony and –
>
> > (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the force clause and subsection (B) is referred to as the residual clause.

In cases binding on this court, the Eleventh Circuit held that, "[e]ven assuming that Johnson invalidated § 924(c)'s residual clause [§ 924(c)(3)(B)], that conclusion would not

---

[4] For reasons not at issue in this case, Williams was sentenced to less than 25 years on his conviction under § 924(c)(1)(C)(i).

4

assist [a defendant whose] underlying conviction on which his § 924(c) conviction was based . . . [met] the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense." In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016). Indeed, the Eleventh Circuit has specifically held that armed bank robbery, 18 U.S.C. § 2113(a) and (d), is a crime of violence under the force clause, 18 U.S.C. § 924(c)(3)(A). In re Hines, 824 F.3d 1334, 1336-37 (11th Cir. 2016). The court held:

> . . . Johnson rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3). Further, our Court has not held that Johnson invalidates § 924(c)(3)(B). However, even [if we] were . . . to extrapolate from the Johnson holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in §924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."

Id. (emphasis added; footnotes omitted).

The court finds Williams's claim is indistinguishable from the claim in Hines. Therefore, the court finds that Williams is not entitled to relief from his sentence based on Johnson. In light of his plea of guilty to two counts of brandishing a firearm during an armed bank robbery, as well as binding Eleventh Circuit caselaw holding that armed bank robbery is a crime of violence under the force clause, 28 U.S.C. § 924(c)(3)(A), Williams cannot show that his sentence violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2255(a). His Motion to Vacate based on Johnson is due to be denied.

Moreover, the court finds the Motion to Vacate and the files and records of his case conclusively show that Williams is not entitled to relief; therefore, his habeas petition will be dismissed without notice to the United States. See 28 U.S.C. § 2255(b).

## CONCLUSION

Based on the foregoing, the Motion to Vacate, filed by petitioner Joshua Ikeem Williams, (doc. 1; crim. doc. 29), is due to be denied. An Order denying the Motion to Vacate and dismissing Williams's habeas petition will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

Williams's habeas petition is barred by binding Eleventh Circuit precedent; reasonable jurists could not disagree. He has not demonstrated that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 30th day of January, 2017.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE